IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnelle Vest,                          :
               Petitioner      :
                                :   No. 189 C.D. 2022
           v.                       :
                                :   Submitted: December 2, 2022
Pennsylvania Parole Board,              :
               Respondent      :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: February 20, 2024


       Donnelle Vest (Petitioner) petitions for review of the February 3, 2022 Order of the Pennsylvania Parole Board (Board) that denied his request for administrative relief and affirmed its February 8, 2021 decision ordering him to serve 6 months of backtime based on his recommitment as a technical parole violator (TPV) and a concurrent term of 72 months' backtime based on his recommitment as a convicted parole violator (CPV). Petitioner's sole argument on appeal is that he was denied his right to counsel during the administrative appeal process. Upon review, we affirm.

## Facts and Procedural History

       On March 22, 2002, Petitioner was sentenced in the Philadelphia County Court of Common Pleas (trial court) to an aggregate term of 6½ to 15 years' incarceration after he was convicted of three counts of robbery and one count of

criminal conspiracy, with a maximum sentence date of July 16, 2016. The Board granted Petitioner parole, and he was released on February 11, 2008, to a community corrections residency. (Certified Record (C.R.) at 10.)

On January 3, 2010, Petitioner was arrested in Philadelphia on charges of possession of a controlled substance and possession with intent to deliver a controlled substance. While Petitioner was found guilty of these drug offenses, his conviction was overturned on appeal in February of 2011. (C.R. at 50.)

The Board declared Petitioner delinquent on June 8, 2011, after he moved from his approved residence without obtaining written permission from the parole supervision staff. The Board issued a warrant for Petitioner's arrest after he was arrested in Avondale, Arizona, on July 23, 2011, for armed robbery, burglary, and kidnapping. Petitioner was found guilty of these offenses and on September 27, 2011, he was sentenced by the Maricopa County Superior Court to an aggregate term of 10½ years' incarceration.

On December 13, 2020, Petitioner was extradited to Pennsylvania and returned to State Correctional Institution at Greene. Thereafter, the Board provided him with a notice of revocation hearing reflecting the new conviction and technical parole violation. (C.R. at 44-46.) Petitioner waived his rights to counsel and a revocation hearing, and he admitted to the parole violations. The Board issued the February 8, 2021 Notice of Decision (mailed February 18, 2021) recommitting him to serve an aggregate term of 72 months' backtime and recalculating his new maximum date as March 16, 2028 (Decision). (C.R. at 73.) The Board advised Petitioner of his ability to appeal the Decision and of his "right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court." (C.R. at 74.) It additionally informed him that he "**may** be entitled to counsel from the public defender's office at no cost."

2

(C.R. at 74 (emphasis added).) The Decision enclosed the administrative remedies form listing the names and addresses of all chief public defenders in the Commonwealth and directed that "any request for a public defender should be sent directly to the public defender's office in the county where you currently reside." (C.R. at 74.)

The Board received a letter from Petitioner on March 10, 2021 (postmarked two days earlier), indicating that he had written to the Greene County Public Defender on February 24, 2021, and that he had not received a response. Petitioner asked if an appeal from the Decision had been filed on his behalf. (C.R. at 75.) The Board received a second letter from Petitioner on April 27, 2021 (postmarked April 20), asking whether an appeal from the Decision had been filed and if any ruling had been issued. Petitioner then filed an administrative remedies form with the Board on June 21, 2021, challenging his recommitment. (C.R. at 79.) On February 3, 2022, the Board denied Petitioner's administrative appeal and affirmed its Decision, explaining in pertinent part:

> First, with respect to the correspondence received March 10, 2021, the Board does not have any record of receiving any correspondence on your behalf from the Greene County Public Defender's office. Additionally, while you have the right to counsel in the administrative appeal process, the Board neither has the authority nor the obligation to appoint counsel for you in this matter. *Passaro v. Pennsylvania Board of Probation and Parole*, 424 A.2d 561 (Pa. Cmwlth. 1981). You will have to contact the public defender's office where you currently reside. Because you raise no other issues in that correspondence, the Board will take no further action on that request.
>
> Next, the correspondence raising issues with the decision revoking your parole recorded on February 8, 2021, were neither received, nor were they submitted to prison officials within the 30-day timeframe established in the Board's

3

regulation. 37 Pa. Code § 73.1. As such, any submission received after Monday March 22, 2021 cannot be accepted.

(C.R. at 96-97.) This counseled appeal followed.

## Discussion

On appeal,[1] Petitioner argues that he was denied his right to counsel during the administrative appeal process where he requested the assistance of counsel within the 30-day appeal period following issuance of the Decision. (Petitioner's Br. at 9, 17-22.)

It is well settled that "indigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in the prosecution of subsequent appeals as of right." *Mesko*, 245 A.3d at 1180; *see also* Section 6(a)(10) of the Public Defender Act,[2] 16 P.S. § 9960.6(a)(10). However, "it is also well-settled that the Board is not obligated to provide counsel to parolees nor does it have the power to appoint counsel for indigent parolees." *O'Hara v. Pennsylvania Board of Probation & Parole*, 487 A.2d 90, 95 (Pa. Cmwlth. 1985). Accordingly, a parolee must request that legal counsel become involved and "the Board has no duty or responsibility to appoint counsel for indigents appearing before it." *Mesko*, 245 A.3d at 1180 (quoting *Passaro*, 424 A.2d at 564). Consistent with these principles, the Board notifies parolees in its decisions and administrative remedies forms of their right to counsel, that counsel may be available from the county public defender's office at no cost to them if they are indigent, and that they must submit any requests for representation directly to that office. *Id.*

---

[1] Our standard of review in parole revocation cases is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *Mesko v. Pennsylvania Board of Probation & Parole*, 245 A.3d 1174, 1179 (Pa. Cmwlth. 2021).

[2] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §§ 9960.1–9960.13.

Here, at the outset of the parole revocation proceedings, Petitioner expressly waived his right to counsel and to a hearing. He admitted to both the new criminal offenses and the technical violation forming the basis for his recommitment. In its Decision, the Board advised Petitioner of his rights to appeal and to be represented by counsel during any appeal process. It also informed him that while he may be entitled to representation at no cost to him, he must pursue this route directly with the local public defender's office. Although Petitioner sent a letter to the Board within the appeal period inquiring whether an appeal had been filed on his behalf and claiming that he had contacted the public defender's office to no avail, the Board had no record of receiving any correspondence from the public defender's office relating to him.

Under these circumstances, in view of the record, we find that the Board respected Petitioner's right to counsel and provided him with ample notice that he was responsible for securing any such representation if he chose to pursue an appeal. The Board lacked the authority to appoint counsel for him and was under no obligation to provide him with representation. We therefore conclude that Petitioner was not denied his right to counsel during the administrative appeal process, and his sole issue on appeal is meritless.

_____
PATRICIA A. McCULLOUGH, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnelle Vest,  :
        Petitioner  :
          :  No. 189 C.D. 2022
      v.  :
          :
Pennsylvania Parole Board,  :
        Respondent  :

## *ORDER*

AND NOW, this 20th day of February, 2024, the Pennsylvania Parole Board's February 3, 2022 Order is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge